FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS B., | No. 4:24-CV-05156-JAG |
| Plaintiff, | ORDER REMANDING FOR BENEFITS |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief, the Commissioner's Brief in response, and Plaintiff's Reply Brief. ECF Nos. 11, 15, 16. Attorney D. Chad Hatfield represents Nicholas Blackwell (Plaintiff); Special Assistant United States Attorney Katherine S. Bowles represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3. After reviewing the administrative record and briefs filed by the parties, the Court OVERTURNS the Administrative Law Judge's (ALJ) decision and REMANDS for benefits.

## I.      JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on May 4, 2017, alleging disability since June 1,

ORDER OVERRULING ALJ'S DECISION - 1

2011, due to autism, pervasive developmental disorder, anxiety, and depression. Tr. 98. Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an ALJ. Tr. 118. Plaintiff appealed and this Court remanded with instructions for the ALJ to develop the record, reconsider the opinions of Dr. Barnard and PA-C Varada, reassess Plaintiff's testimony, and reevaluate the remaining steps of the sequential evaluation, as appropriate. Tr. 629. Hearings were held prior to the last appeal on May 30, 2019, June 23, 2021, and following remand on August 28, 2024, at the latter of which vocational expert Kelly McCain and Plaintiff, who was represented by counsel, testified. Tr. 568. ALJ Marie Palachuk presided. Tr. 568. The ALJ denied benefits on September 23, 2024. Tr. 541. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 22, 2024, ECF No. 1,

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born on April 13, 1993, and was 18 years old on the alleged onset date. Tr. 98. Plaintiff has no work history. Tr. 331.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is

ORDER OVERRULING ALJ'S DECISION - 2

defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in

ORDER OVERRULING ALJ'S DECISION - 3

the national economy, the claimant will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On September 23, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 541-567.

At *step one*, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 4, 2017.  Tr. 547.

At *step two*, the ALJ found Plaintiff had the severe impairments of autism spectrum disorder, borderline intellectual disability, and social anxiety disorder. Tr. 541.

At *step three*, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 547-550.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> The claimant is able to understand, remember, and carry out simple, routine tasks. The claimant is able to maintain concentration, persistence and pace on those simple tasks for the two hour intervals between regularly scheduled breaks. The claimant can work in a predictable work environment with no more than simple changes. The claimant can perform no judgment or decision making. The claimant can perform no assembly line pace or similarly fast paced work. The claimant can have no public contact. The claimant can have occasional and superficial interaction (defined as non-cooperative and no tandem tasks/ no teamwork) with coworkers.

Tr 550.

At *step four*, the ALJ found that Plaintiff had no past relevant work. Tr. 558.

ORDER OVERRULING ALJ'S DECISION - 4

At **step five**, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of auto detailer, industrial cleaner, and hand packager.  Tr. 559.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.  Tr. 560.

## VI.    ISSUES

The question presented is whether the Court should remand for further proceedings or remand for benefits.  Plaintiff contends that the ALJ erred by improperly evaluating the medical opinion evidence, failing to conduct an adequate step three evaluation, improperly rejected lay witness testimony, improperly rejecting Plaintiff's subjective complaints, and failing to conduct an adequate analysis at step five.  Defendant agrees that the ALJ erred but argues the Court should remand to allow the ALJ to determine whether Plaintiff meets the statutory definition of disability and to explain how they resolved inconsistencies in the evidence.

## VII.    DISCUSSION

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court

ORDER OVERRULING ALJ'S DECISION - 5

may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims."  *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The credit-as-true rule allows the Court to accept improperly discounted evidence as true.  The Court must examine three steps to determine the applicability of the credit-as-true rule.  First, the Court examines whether the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014) (citation and internal quotation marks omitted).  If the ALJ failed to provide legally sufficient reasons for rejecting evidence, then the Court looks at "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Id.* at 1101 (citations and internal quotation marks omitted).  And third, if further proceedings would not be useful then the Court has discretion to credit "relevant testimony credible as a matter of law[.]" *Id.*; *see also*, *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023).

Defendant does not contest that the ALJ failed to provide legally sufficient reasons for rejecting the medical opinions of Dr. Barnard, Dr. Mitchell, PA-C Varada, and psychiatrist Dr. Hashmi, so these medical opinions should be credited as true.  Those opinions, in conjunction with objective testing that appears to meet every element of the Listings, overwhelmingly support a conclusion that Plaintiff is disabled.

ORDER OVERRULING ALJ'S DECISION - 6

Further, Defendant does not contest that the ALJ improperly rejected Plaintiff's subjective complaints. Plaintiff correctly points out that the ALJ missed the context of commentary in Plaintiff's medical record that he was doing well or stable. Plaintiff's cognitive function did not improve over time, rather, he was doing well in light of the limitations that the provider had already observed and documented through cognitive testing. In light of multiple errors, as well as multiple opportunities to cure the errors over the course of the appeals process, there is no useful purpose in further administrative proceedings.

## VIII.    CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. Accordingly, **IT IS ORDERED**:

1.    Plaintiff's appeal and request to remand for benefits, **ECF No. 11**, is **GRANTED**. The case is **REMANDED for a calculation of and IMMEDIATE award of benefits.**

2.    Defendant's request to remand for further proceedings, **ECF No. 15**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED March 30, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER OVERRULING ALJ'S DECISION - 7